UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUZANNE C. DOLLER, | : | |
|     Plaintiff | : | No. 1:12-cv-1430 |
| | : | |
| v. | : | |
| | : | |
| CITY OF HARRISBURG, et al., | : | (Chief Judge Kane) |
|     Defendants | : | |

---

| | | |
|---|---|---|
| SUZANNE C. DOLLER, | : | |
|     Plaintiff | : | No. 1:12-cv-1431 |
| | : | |
| v. | : | |
| | : | |
| CITY OF HARRISBURG, et al., | : | (Chief Judge Kane) |
|     Defendants | : | |

---

| | | |
|---|---|---|
| SUZANNE C. DOLLER, | : | |
|     Plaintiff | : | No. 1:12-cv-1432 |
| | : | |
| v. | : | |
| | : | |
| CITY OF HARRISBURG, et al., | : | (Chief Judge Kane) |
|     Defendants | : | |

---

| | | |
|---|---|---|
| SUZANNE C. DOLLER, | : | |
|     Plaintiff | : | No. 1:12-cv-1433 |
| | : | |
| v. | : | |
| | : | |
| CITY OF HARRISBURG, et al., | : | (Chief Judge Kane) |
|     Defendants | : | |

---

## MEMORANDUM ORDER

Currently before the Court is Defendants' motion to consolidate the above-captioned

actions. (Doc. No. 9.) The motion has been fully briefed and is now ripe. For the reasons that follow, the Court will grant Defendants' motion to consolidate the above-captioned actions.

On July 25, 2012, Plaintiff, Suzanne C. Doller, filed four lawsuits in this Court, alleging that Defendants, the City of Harrisburg and two of its police officers, Tammy Adams and John Salvadia, violated her First, Fourth, and Fourteenth Amendment rights on four separate occasions while she was protesting outside of the Hillcrest Women's Medical Center in Harrisburg, Pennsylvania. (No. 12-cv-1430, Doc. No. 1; No. 12-cv-1431, Doc. No. 1; No. 12-cv-1432, Doc. No. 1; No. 12-cv-1433, Doc. No. 1.) Defendants subsequently filed a motion to consolidate the lawsuits, arguing that Plaintiff's lawsuits involved common questions of law and fact. (Doc. No. 9 at 2.) Plaintiff, in response, argued that the cases should not be consolidated because each incident occurred on a different date; the City of Harrisburg's relevant policies or practices in each case are different; and, consolidation could risk prejudicing the jury. (Doc. No. 11 at 3-4.)

Consolidation of separate actions presenting a common issue of law or fact is permitted under Rule 42(a) of the Federal Rules of Civil Procedure as a matter of convenience and economy in judicial administration. In re Community Bank of N. Virginia, 418 F.3d 277, 298 n.12 (3d Cir. 2005); F. R. Civ. P. 42(a) ("If actions before the court involve a common question of law or fact, the court may join for hearing or trial any or all matters at issue in the actions; consolidate the actions; or issue any other orders to avoid unnecessary cost or delay."). The moving party bears the burden of proof on a motion for consolidation. In re Repetitive Stress Injury Litig., 11 F.3d 368, 373 (2d Cir. 1993). Once a common question has been established, the decision to consolidate rests in the sound discretion of the district court. Ellerman Lines,

2

Ltd. v. Atl. & Gulf Stevedores, Inc., 339 F.2d 673, 675 (3d Cir. 1964).

Each of Plaintiff's complaints allege that the City of Harrisburg and its police officers violated her constitutional rights while she was protesting outside of the Hillcrest Women's Medical Center. Moreover, each of Plaintiff's complaints allege that the City of Harrisburg is liable on a theory of municipal liability pursuant to 42 U.S.C. § 1983. Accordingly, the Court finds that Plaintiff's four lawsuits share a common question of law and fact. Given that consolidation of the four lawsuits will expedite the litigation and promote judicial economy, without any resulting prejudice to Plaintiff's ability to present her claims, the Court concludes that Plaintiff's four lawsuits should be consolidated.

**ACCORDINGLY,** on this 21st day of February 2013, **IT IS HEREBY ORDERED THAT**:

1. The above-captioned cases are consolidated for all purposes.

2. The Clerk of Court is directed to consolidate the cases docketed as Civil Action No. 1:12-cv-1431, Civil Action No. 1:12-cv-1432, and Civil Action No.1:12-cv-1433 into the case docketed as Civil Action No. 1:12-cv-1430.

3. The Clerk of Court is directed to close the cases docketed as Civil Action No. 1:12-cv-1431, Civil Action No. 1:12-cv-1432, and Civil Action No.1:12-cv-1433.

4. All future documents filed in this consolidated case shall be filed under the case docketed as Civil Action No. 1:12-cv-1430.

 s/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania